# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| JOSHUA NZEYIMANA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SHERIFF'S OFFICE, NURSE SCHRAUDNER, NURSE COLE, and LEWIS AND CLARK COUNTY,<br><br>　　　　Defendants. | CV-23-57-H-BMM-KLD<br><br>ORDER |

Plaintiff Joshua Nzeyimana ("Nzeyimana") filed an Amended Complaint alleging violations of his constitutional rights. (Doc. 14.) The Court screened it and determined that it failed to state a claim for relief. (Doc. 16.) Nzeyimana was given the opportunity to amend. Nzeyimana's Second Amended Complaint also fails to state a claim for relief and will be dismissed. (Doc. 17.)

## I.  SCREENING STANDARD

Nzeyimana is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

1

## III. SCREENING ANALYSIS

### A. Parties

Nzeyimana is proceeding pro se and in forma pauperis. He is a pretrial detainee currently incarcerated at Cascade County Detention Center, but the events at issue occurred at Lewis and Clark County Detention Center ("LCCDC"). (Doc. 17.) He names as defendants Lewis and Clark County Detention Center, Lewis and Clark County Sheriff's Office, and two nurses at LCCDC, Nurse Taylor Schraudner and Nurse Brilz Cole. (Doc. 17 at 2 – 3.) "The Detention Center is merely a building, it is not a person or legally created entity capable of being sued." *Barnes v. Yellowstone County Detention Facility*, 2008 WL 5412448 (D. Mont. 2008). *Cf. Allison v. California Adult Authority*, 419 F.2d 822. 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *see generally Tyler v. Sullivan*, 83 F.3d 433 (10th Cir.1996) ("The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued.)

### B. Allegations

Nzeyimana alleges that his claims accrued between January 1, 2023, and June 22, 2023. (Doc. 17 at 5.) He claims that he was "deprived medical care due to inability to pay." (Doc. 17 at 5.)

2

### C. Analysis

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State [. . .], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires the following elements: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted).

### 1. Lewis and Clark County Sheriff's Office

There are no specific allegations against Lewis and Clark County Sheriff's Office, but Nzeyimana appears to assert that it can be named as a defendant because the events at issue occurred in Lewis and Clark County. As the Court explained in its prior screening order, under §1983, a municipality such as a county can only be held liable for constitutional violations that occur pursuant to its policy, custom, or practice. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be liable under §1983 on the theory of respondeat superior alone. *Monell*, 436 U.S. at 691.

To establish *Monell* liability on a policy and custom theory, Nzeyimana must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Castro v. Cty. of L.A.*, 833 F.3d 1030, 1075 (9th Cir. 2016) (en banc). Nzeyimana has alleged nothing more than that the events at issue occurred in Lewis and Clark County. He fails to state a claim against the Sheriff's Office.

### 2. Nurses at LCCDF

The Court's prior order described to Nzeyimana the requirements of stating a claim for the denial of medical care. *Gordon v. County of Orange*, 888 F.3d 118, 1124 (9th Cir. 2018). To sue an individual defendant, Nzeyimana must allege facts supporting an inference that each of the following elements exists:

1. The defendant "made an intentional decision with respect to the conditions under which the plaintiff was confined;"

2. "[T]hose conditions put the plaintiff at substantial risk of suffering serious harm;"

3. The defendant "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious;" and

4. "[B]y not taking such measures, the defendant caused the plaintiff's injuries."

*Gordon*, 888 F.3d at 1125.

Nzeyimana's allegations are insufficient to state a claim for relief. He

alleges no facts regarding the conduct of Nurse Schraudner or Nurse Brilz. He conclusively asserts that he was deprived of medical care, but he alleges no facts that would provide notice to either named nurse defendant about what she did to violate Nzeyimana's constitutional rights.

## IV.  CONCLUSION

The Court has considered whether Nzeyimana's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Nzeyimana has filed three Complaints in this matter and has failed to state a claim for relief. (Docs. 2, 14, and 17.) The matter will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Nzeyimana's Second Amended Complaint (Doc. 17) is **DISMISSED** for failure to state a claim. All pending motions (Doc. 19); (Doc. 20.) are **DENIED** as moot. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

2.  The Clerk is directed to have the docket reflect that the filing of this matter counts as a strike against Nzeyimana, within the meaning of 28 U.S.C. § 1915.

DATED this 29th day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court